**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
SHUSONG LIN,

                                Plaintiff,          Case No. 20-cv-02746 (WFK) (TAM)

                  v.

JD PRODUCE MASPETH LLC,
JD TRUCKING MASPETH INC,
SHENG BO DONG,
YI FENG YE, and
JESSICA DONG,

                              Defendants.
------------------------------------------------------------------ x

**AFFIRMATION IN SUPPORT OF MOTION FOR DEFAULT <u>JUDGMENT</u>**

       Aaron B. Schweitzer, an attorney admitted to practice before the Bar of the United States

District Court for the Eastern District of New York, hereby declares as follows:

1. I am an attorney of record for Plaintiff in this action, SHUSONG LIN.

2. I make this Affirmation pursuant to Local Civil Rule 55.2(a)(1) in Support of Plaintiff's

   Motion for Default Judgment against Defendants JD PRODUCE MASPETH LLC, JD

   TRUCKING MASPETH INC, SHENG BO DONG, and YI FENG YE a/k/a JESSICA

   DONG[1] for failure to defend this action by appearing at the Final Pretrial Conference held

   on January 30, 2025 at 3:30 PM, through counsel or otherwise.

3. This action was commenced pursuant to the filing of the Complaint June 20, 2020. *See* Dkt.

   No. 1.

4. Summons was issued to all Defendants on June 22, 2020. *See* Dkt. No. 7.

5. The Summons and Complaint was served on all Defendants on June 28, 2020. *See* Dkt.

   Nos. 8 (SHENG BO DONG personally served on June 28, 2020); 9 (JD PRODUCE

   MASPETH LLC served by personal service on SHENG BO DONG, a person designated

---

[1] Yi Feng Ye and Jessica Dong are the same person, *see* Dkt. No. 85 § VII(18); *see also* Dkt. No. 86 (so-ordering Dkt. No. 85).

by law to accept service on its behalf, on June 28, 2020, and by mail to its place of business 57-45 Rust Street, Maspeth, NY 11378); 11 (JD TRUCKING MASPETH INC served by personal service on SHENG BO DONG, a person designated by law to accept service on its behalf, on June 28, 2020, and by mail to its place of business 57-45 Rust Street, Maspeth, NY 11378); 12, 13 (YI FENG YE a/k/a JESSICA DONG served by personal service on SHENG BO DONG, a person of suitable age and discretion at her actual place of business 57-45 Rust Street, Maspeth, NY 11378, on June 28, 2020, and by mail to her actual place of business 57-45 Rust Street, Maspeth, NY 11378); 13 (YI FENG YE served by personal service on SHENG BO DONG, a person of suitable age and discretion at her actual place of business 57-45 Rust Street, Maspeth, NY 11378, on June 28, 2020, and by mail to her actual place of business 57-45 Rust Street, Maspeth, NY 11378).

6. Defendants Answered the Complaint on August 19, 2020. *See* Dkt. No. 22.

7. The parties conducted discovery through October 14, 2022. *See* Dkt. No. 84.

8. The parties submitted a proposed pretrial order on December 19, 2022, *see* Dkt. No. 85, which the Court so-ordered on February 9, 2023. *See* Dkt. No. 86.

9. On February 9, 2023, the Court scheduled trial of this matter for November 6, 2023. *See* Dkt. No. 86.

10. The Court held a pre-trial conference on October 13, 2023 at 11:00 AM. *See* Dkt. No. 88; *see also* Minute Entry (Oct. 13, 2023).

11. On November 2, 2023, the parties requested (and the Court granted later that day, *see* Dkt. No. 92) an adjournment of the trial in order to have time to submit a proposed charge of the jury, verdict sheet, and voir dire as called for by Judge Kuntz's rules. *See* Dkt. No. 89.

12. Plaintiff filed the said documents on November 2, 2023. *See* Dkt. Nos. 90, 91.

13. Finally on November 2, 2023, the Court adjourned the trial of this matter to August 26, 2024. *See* Dkt. No. 92.

14. Due to a conflict on the Court's calendar, on May 15, 2024, the Court again rescheduled the trial of this matter to February 3, 2025. *See* Dkt. No. 93.

15. On January 10, 2025, the Court scheduled a final pretrial conference on January 30, 2025 at 3:30 PM. *See* Dkt. No. 94.

16. Plaintiff, through your undersigned, appeared at the January 30, 2025 conference.

17. Defendants did not appear at the January 30, 2025 conference, through counsel or otherwise.

18. Due to Defendants' non-appearance at the January 30, 2025 conference, Judge Kuntz granted Plaintiff leave, and directed Plaintiff, to seek entry of Defendants' default followed by default judgment, on or before January 31, 2025 at 5:00 PM.

19. The Clerk has entered the default of Defendants JD PRODUCE MASPETH LLC, JD TRUCKING MASPETH INC, SHENG BO DONG, and YI FENG YE a/k/a JESSICA DONG on January 31, 2025. *See* Exhibit 1; *see also* Dkt. No. 98.

20. During discovery in this matter, and in the matter *Qi v. JD Produce Maspeth LLC et al*, No. 21-cv-03211 (WFK) (TAM), (E.D.N.Y.), I have had the opportunity to depose all of the Defendants. From what I have observed, Defendants are neither incompetent, nor infants, nor presently in the military service of the United States.

21. Defendants SHENG BO DONG, and YI FENG YE a/k/a JESSICA DONG characterized themselves as being in business (operating JD PRODUCE MASPETH LLC and JD TRUCKING MASPETH INC respectively) rather than being in military service (*see* Dkt. No. 85 § VII(4)–(9), (11)–(14), (16)–(18); and appeared to be older than the typical

servicemembers' age; and SHENG BO DONG in particular, when he was sufficiently ill to leave deposition to meet with a physician, met with a private and not a Veterans' Administration physician.

22. Defendants, JD PRODUCE MASPETH LLC, JD TRUCKING MASPETH INC, SHENG BO DONG, and YI FENG YE a/k/a JESSICA DONG are indebted to Plaintiff, SHUSONG LIN, in the following manner: Plaintiff was employed by Defendants from on or about October 17, 2019 through on or about May 24, 2020 to drive and load trucks for Defendants' delivery business. Throughout Plaintiff's employment (except the first week of his employment when he was hired in the middle of the workweek), Plaintiff worked sixty (60) hours and six (6) days per week. Throughout his employment, Plaintiff was paid a weekly salary of seven hundred seventy-five dollars ($775.00). Plaintiff's salary amounted to a regular hourly wage of nineteen dollars and thirty-eight cents ($19.38), which was paid for his first 40 hours of work—but Plaintiff was not paid for his twenty (20) overtime hours per week. *See*, *e.g.*, *Romano v. Bagel*, No. 24-cv-00999 (ARR) (SIL), 2024 U.S. Dist. LEXIS 199246, at *19–20 (E.D.N.Y. Nov. 1, 2024), *adopted by* 2024 U.S. Dist. LEXIS 219620 (E.D.N.Y. Dec. 4, 2024) (quoting *Ramirez v. Urion Constr. LLC*, 674 F. Supp. 3d 42, 50 (S.D.N.Y. 2023) ("'Both the NYLL and FLSA carry a rebuttable presumption that a weekly salary covers only the first 40 hours worked unless the parties have an alternate agreement'"); *Hernandez v. JRPAC Inc.*, No. 14-cv-04176, 2016 WL 3248493, at *32 (S.D.N.Y. June 9, 2016) ("Accordingly, a plaintiff's 'regular rate of pay should be calculated by dividing' his 'fixed weekly salary… by 40 hours.'")); *see also Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-cv-07439 (FB) (SJB), 2018 U.S. Dist. LEXIS 134792, at *18 (E.D.N.Y. Aug. 7, 2018) ("[T]he assumption embedded in such a calculation is that,

unless evidence suggests otherwise, none of the paid wages are to be credited to overtime. Or put differently, for [Lin], the $[775.00] he was paid was for the first 40 hours he worked; for the additional [20] overtime hours he worked, he received nothing."). Plaintiff's unpaid overtime amounts to eighteen thousand eighteen dollars and seventy-five cents ($18,018.75).

23. Under the FLSA and NYLL, an award of liquidated damages equal to unpaid wages is mandatory unless the employer proves good faith. *See* 29 U.S.C. §§ 216(b), 260; N.Y. Lab. L. § 663(1).

24. Likewise, under the NYLL, an award of prejudgment interest on unpaid wages at a nine percent *per annum* interest rate is mandatory. *See* N.Y. Lab. L. § 663(1); *see also* N.Y. C.P.L.R. § 5004. Prejudgment interest is calculated from the midpoint of Plaintiff's employment within the six-year (6-year) statute of limitations (*i.e.*, February 4, 2020), through entry of judgment (here, presumably, January 31, 2025). *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. Sep. 28, 2017).

25. Defendants did not furnish Plaintiff with a wage notice at his time of hire compliant with Section 195(1) of the New York Labor Law. Through about February 24, 2020, Plaintiff was paid entirely in cash; thereafter, he was paid for eighteen (18) hours of work per week, at a rate of fifteen dollars and seventy-eight cents ($15.78) per hour, by check, with the remainder of his seven hundred seventy-five dollar ($775.00) weekly salary being paid by cash. Plaintiff's checks came with paystubs falsely setting forth that he had only worked eighteen (18) hours, and falsely stating that he had been paid at a rate of fifteen dollars seventy-eight cents ($15.78) per hour. *C.f.* N.Y. Lab. L. § 195(3) (setting forth requirements of wage statements with each payment of wages). Defendants' non-furnishing of a wage

notice at his time of hire deprived Plaintiff of the ability to compare his wage statements with the rate that ought to have been set forth on the wage notice; and Defendants' and furnishing of false wage statements to Plaintiff deprived him of the ability to compare his actual pay with the pay he ought to have received, including overtime. Had Plaintiff been furnished a wage notice and accurate wage statements, he could and would have engaged in self-help short of a lawsuit, during his employment. Statutory damages for nonfurnishing of a wage notice at time of hire, and wage statements accrue at a rate of fifty dollars ($50.00) per workday and two hundred fifty dollars ($250.00) per workday respectively, to a cap of five thousand dollars ($5,000.00) apiece. *See* N.Y. Lab. L. §§ 198(1-b), (1-d). Plaintiff worked one hundred and eighty-nine workdays, exceeding the five thousand dollar ($5,000.00) cap for both wage notice and wage statements.

26. Plaintiff's damages computation is attached hereto. *See* Exhibit 2; *see also* Dkt. Nos. 91-2, 96-1.

27. Additionally, Plaintiff seeks reasonable attorney fees and costs pursuant to Rule 54 of the Federal Rules of Civil Procedure as a prevailing employee under the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. L. 663(1).

28. In support of an award of attorney fees and costs the following Exhibits are attached:

Exhibit 3.   A true copy of the PACER search of John Troy cases of record in the Eastern District of New York;

Exhibit 4.   A true copy of the PACER search of John Troy cases of record in the Southern District of New York;

Exhibit 5.   A true copy of the E-Track search of John Troy cases in the New York State Court;

Exhibit 6.  A true copy of the PACER search of Aaron Schweitzer cases of record in the Eastern District of New York;

Exhibit 7.  A true copy of the PACER search of Aaron Schweitzer cases of record in the Southern District of New York;

Exhibit 8.  A true copy of the PACER search of Aaron Schweitzer cases of record in the District of New Jersey;

Exhibit 9.  A true copy of the PACER search of Tiffany Troy cases of record in the Eastern District of New York;

Exhibit 10. A true copy of the PACER search of Tiffany Troy cases of record in the District of New Jersey;

Exhibit 11. A true copy of the PACER search of Tiffany Troy cases of record in the District of New Jersey;

Exhibit 12. An attorney fee invoice; and

Exhibit 13. Expenses invoices and receipts.

## **ATTORNEYS' FEES INCURRED**

## **CONTEMPORANEOUS TIME RECORDS**

29. Throughout Troy Law's representation of Plaintiff, its attorneys and staff have kept contemporaneous time records of the hours we have expended on this matter including the dates of services performed, the tasks we undertook in performing such services, and the hours and portions thereof used to perform such services. Troy Law has dedicated a database exclusively to maintaining such contemporaneous time records.

30. Additionally, John Troy has instructed, supervised, and ensured that all associates and employees of Troy Law, PLLC keep contemporaneous time records of the hours they have expended on this matter including the dates of services performed, the tasks they undertook

in performing such services, and the hours and portions thereof used to perform such services, in the dedicated database described above, used exclusively for maintaining such contemporaneous time records.

31. Attached hereto as **Exhibit 12** is the Time and Billing record of time spent herein, indicating the dates of services performed, the tasks undertaken in performing such services, and the hours or portions thereof used to perform such services.

32. A summary of the time entries, and hourly rates charged, may be found below:

| *Attorney / Staff* | *Hourly Rate* | *Hours* | *Fees Sought* |
|---|---|---|---|
| John Troy | $650.00 | 93.36 | $60,684.00 |
| Aaron B. Schweitzer | $200.00 | 3.50 | $700.00 |
| Aaron B. Schweitzer | $400.00 | 53.83 | $21,532.00 |
| Eric Chen | $250.00 | 12.45 | $3,112.50 |
| Tiffany Troy | $150.00 | 1.74 | $261.00 |
| Tiffany Troy | $250.00 | 21.16 | $5,290.83 |
| Preethi Kilaru | $200.00 | 26.02 | $5,204.00 |
| Gavin Dass | $150.00 | 4.75 | $712.50 |
| | | **Total** | $97,496.83 |

33. In this case, the Plaintiff is not fluent in English and required a Chinese interpreter.

34. As a result, the Plaintiff required Chinese-English interpretation, which requires our firm to first take down the client's response in English, translate back into Chinese then confirm that it is correct.

**EXPERIENCE AND PROFESSIONAL QUALIFICATION OF OFFICE STAFF**

*Managing Attorney John Troy*

35. Mr. Troy is the principal of Troy Law, PLLC and has represented Plaintiff since the inception of this lawsuit.

36. Mr. Troy is a 1985 LLM graduate of Dickinson School of Law.

37. Mr. Troy was admitted to the bar of the State of New York in 1989.

38. Mr. Troy has been a self-employed small business owner since 1989. As the principal attorney of Troy Law, Mr. Troy has continuously represented low-income immigrant workers, in wage-and-hour and employment discrimination cases in this district, as well as the sister Southern District of New York. Mr. Troy has routinely appeared before the New York Supreme Court, Commercial Division. Mr. Troy is additionally admitted to the First, Second, and Third Circuit Courts of Appeals, the Northern and Western Districts of New York, the Connecticut District Court, and the Illinois Central District Court. Mr. Troy has also appeared *pro hac vice* before the United States District Courts for the District of Massachusetts, for the District of New Jersey, for the Northern District of Illinois, for the District of Minnesota, and for the District of West Virginia.

39. Troy Law spearheads the nation's wage and hour employment litigation advocacy. We have one of the largest Fair Labor Standards Act case loads in the nation, and one of the largest client bases among the Asian-American and Latinx-American, among others, immigrant worker communities across the continental United States.

40. Troy Law has consulted with state and federal attorney general offices and agencies on wage theft issues and Troy Law cases have been cited in legislative initiatives such as the passage of the Rhode Island Amended Payment of Wages Act, which came into effect in 2024.

41. Troy Law clients, who predominantly do not speak English as their first language, often cannot find counsel with the level of experience in the wage-and-hour litigation and language expertise in areas outside of New York.

42. Here, Plaintiff's counsel took this case on a contingency basis, without any assurance that Plaintiff's counsel would be paid any fees or reimbursed any costs for its efforts or expenditures in the event that Plaintiff did not prevail on the merits, here.

43. Mr. Troy is the attorney of record in the following matters, in predominantly wage-and-hour and/or employment discrimination actions in the following courts:

| Court | Number of Cases (Approx.) | Exhibit to Schweitzer Decl. |
|-------|---------------------------|------------------------------|
| Eastern District of New York | 219 | 3 |
| Southern District of New York | 223 | 4 |
| New York State Supreme Court | 168 | 5 |

44. Additionally, Mr. Troy is the attorney of record for the following matters in the Northern District of New York, Western District of New York, District of New Jersey, District of Connecticut, Middle District of Florida, District of Illinois, Northern and Southern Districts of Indiana, District of Massachusetts, District of Minnesota, District of Pennsylvania, and District of West Virginia:

- N.D.N.Y. 1:17-cv-00148-MAD-TWD Zhang v. Ichiban Group, LLC et al,
- N.D.N.Y. 1:16-cv-00863-DNH-DEP Li v. Ichiban Mei Rong Li Inc. et al,
- N.D.N.Y. 1:11-cv-01256-GTS-DRH Low v. Wang et al,
- W.D.N.Y. 1:17-cv-00656 Yu v. King Buffet in Springville, Inc. et al,
- D. Conn. 3:20-cv-00687-VLB Lin v. New China King Zheng Inc. et al
- D. Conn. 3:19-cv-02024-AVC Chang v. Jenny Jn Nails, Inc. et al
- D. Conn. 3:19-cv-02018-AVC Yeung v. New Foliage, Inc. et al
- D. Conn. 3:19-cv-02017-VAB Lu et al v. Diamond Nail Salon, LLC et al
- D. Conn. 3:18-cv-01126-JAM Zheng v. Lydia M.C. LLC et al,

- D. Conn. 3:18-cv-00203-CSH Zhen Zhu v. Matsu Corp. et al,
- D. Conn. 3:17-cv-01096-JAM Sun v. Panda III Grenwich, Inc. et al,
- D. Conn. 3:12-cv-00874 Lin et al v. Wild Rice, Inc. et al,
- M.D.F.L. 8:23-cv-01602-VMC-JSS Chen et al v. Wow Restaurant TH, LLC,
- M.D.F.L.  8:22-cv-02774-VMC-MRM Chen et al v. Wow Restaurant TH, LLC et al,
- D. Ill. 1:18-cv-06848 18-cv-06848 Lin v. Monda Window & Door Systems, Inc. et al,
- N. D. In. 3:23-cv-00551-DRL-MGG Forte v. Insomnia Cookies, LLC et al,
- S. D. In. 1:23-cv-00752-RLY-MKK DUAN v. M X PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET et al,
- S. D. In. 1:22-cv-02333-RLY-KMB DUAN v. M X PAN INCORPORATED d/b/a FORMOSA SEAFOOD BUFFET et al
- D. Mass. 3:16-cv-40138-KAR Gonpo v. Sonam's Stonewalls & Art, LLC et al,
- E. D. M.O. 4:23-cv-00669-RLW Williams et al v. Insomnia Cookies, LLC et al,
- D. Minn. 17-cv-05069-JRT-HB Wang v. Jessy Corporation et al,
- D. Penn. 2:17-cv-01073-RBS Tong et al v. Henderson Kitchen Inc. et al, and
- D.W.V. 17-cv-00042-IMK You v. Grand China Buffet & Grill, Inc.

45. In addition, Mr. Troy is am the attorney of record for twelve (12) wage-and-hour matters

before the American Arbitration Association.

- 01-21-0004-9948 Kyong Ho Ahn v. MB Rye Metro Nail d/b/a Rye Metro Nails and Sun '
- 01-21-0017-8338 Yaoxiao Li v. X-Treme Care, LLC
- 01-20-001507148 Yaoxiao Li v. X-Treme Care, LLC
- 01-22-0000-4423 Teck Kim Eu v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-22-0000-3837 Ji Yuan Lin v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-22-0001-2518 Kin Bun Kwan v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-22-0000-8567 Ming Fong v. Cheng Du 23 Inc d/b/a Cheng Du 23; Ching Xing Lin
- 01-20-0000-0619 Xi v. Mira Sushi, Inc.
- 01-20-0000-0621 Ren v. Mira Sushi, Inc.
- 01-20-0000-1914 Eu v. Cheng Du 23, Inc.
- 01-20-0003-7868 Hernandez v. Relay Delivery, Inc.
- 01-20-0000-0617 Wang v. Maxim International Group
- 01-18-0003-6297 Wu, Shu Jun Ma a v. Kyoto Sushi, Inc. d
- 01-18-0003-7254 Tabacchino v. Amazon.com, Inc
- 01-18-0003-8026 Miralda Rodriguez v. Bowery Hospitality Associates
- 01-18-0003-8037 Li v. Wok 88, Inc.

- 01-18-0004-3112 Wu v. Amazon.com, Inc.
- 01-18-0004-5455 Apolinar-Mateos v. Bowery Hospitality Associates, Inc.

46. Mr. Troy is also the attorney of record of more than 170 state law cases, predominantly in wage-and-hour matters.

47. Mr. Troy has written extensively on Fair Labor Standards Act and New York Labor Law minimum wage, overtime compensation, and record-keeping requirements: his op-ed in Taiwanese envoy Hsien-Hsien "Jacqueline" Liu's fraudulent foreign labor contracting of two Filipino maids has been published in *China Times*, the fourth largest Taiwanese newspaper in circulation, and my interviews on wage-and-hour law and requirements have been featured *in Sing Tao Daily*, Hong Kong's second largest newspaper, and *World Journal*, the largest Chinese-language newspaper in the United States.

48. In recognition of Mr. Troy's work in the employment law, he has been invited as faculty of the Public Law Institute, for its wage-and-hour seminar in 2017.

49. In recognition of Mr. Troy's expertise in the field of wage-and-hour litigation, he was a panelist on the panel "Recent Trends and Strategic Considerations for Conditional Collective Actions under the FLSA" at the National Employment Lawyers' Association-New York 2022 Spring Conference on Representing Employees.

50. Mr. Troy was also rated as a Super Lawyer Metro New York in 2023 and 2024 by Thomson Reuters.

51. Troy Law has represented classes in the Southern and Eastern District Courts and in the courts of New York, including:

- NYED 1:18-cv-00417-ENV-MMH Zhu v. Wanrong Trading Corp.(August 25, 2023 preliminary certification granted);
- NYED 1:20-cv-06242-ENV-MMH Ying v. All-Ways Forwarding of N.Y. Inc. et al (August 25, 2023 preliminary certification granted);

- New York Sup Ct 656487/2018 (Jian Feng He et al v. RENZAN CORP et al) (class certified Aug. 9, 2023);
- NYED 14-cv-01647-JS-SIL *Zhang et al v. Wen Mei, Inc. et al*
- NDNY 17-cv-00148-MAD-TWD *Zhang et al v. Ichiban Group, LLC et al*, and
- Westchester Sup Ct 056836/2020 *Guncay v. JCR American Builders, Inc. et al*

52. Additionally, Troy Law has handled numerous multi-plaintiff Fair Labor Standards Act

collective actions, including:

- NYSD 1:20-cv-02633-VSB *Hong v. Lin's Garden Restaurant Inc. et. al*
- NYED 2:20-cv-06296-KAM-ST *Li v. Capri Nails & Eco Spa Inc. et. al*
- NYED 1:20-cv-03667-MKB-RML *Cui et al v. D Prime, Inc*
- CT 20-cv-01206-VLB *Han v. Ming Jiang Services Corp et al*
- NYLI 2:19-cv-03545-ENV-PK *Leong v. Laundry Depot, LLC et al*
- NYLI 2:19-cv-00630-JS-GRB *Chen v. Glow Asian Food, Inc. et al*
- CT 3:19-cv-00525-JBA *Wei et al v. Sichuan Pepper Inc et al*
- NYLI 18-cv-03817-JMA-SIL *Huang et al v. Gel Factory Corp, et al*
- NYED 2:17-cv-04202-JMA-AYS *Yu et al v. Kotobuki Restaurant, Inc. et al*
- NYSD 1:17-cv-01774-DCF *Lin et al v. Teng Fei Restaurant Group Inc. et al*
- NYED 17-cv-02539-EK-SJB *China et al v. Bangkok Thai Cuisine, Inc. et al*
- NYSD 1:17-cv-10240-GHW *Zhong et al v. Royal Siam Restaurant Inc. et al*
- NYSD 17-cv-02013-RA-JLC *Wang v. Happy Hot Hunan Restaurant, Inc.*, et al
- NYSD 1:17-cv-06713-PGG-DCF *Cui v. East Palace One, Inc. et al*
- NYED 16-cv-01353-ADS-AKT *Kang et al. v. Flushing Food, Inc. et al*
- NYSD 1:16-cv-04790-DCF *Chen v. Shanghai Café Deluxe, Inc. et al*
- NYED 1:16-cv-01953-RPK-RML *Li et al v. The Dolar Shop Restaurant Group LLC et al*
- NYED 1:16-cv-05185 *Shi, et al. v. DXN Mike Corp. d/b/a Shangri Nail Salon, et al*
- NYWP 7:15-cv-09635-VB *Zheng et al v. J&J US Trading Inc.*
- NYSD 1:15-cv-09507-DCF *Lin v. La Vie en Szechuan Restaurant Corp. et al*
- NYED 1:15-cv-04917-CBA-RLM *Yang v. Richmond Hill Laundry Inc. et al*, and
- NYWP 1:14-cv-04737-KMK *He et al., v. Kirari Sushi, Inc. et al*, just to name some.

53. District court judges often cite our cases in granting motion for specialized preliminary

FLSA class certification, many of which go to show Mr. Troy's innovative and precedent-

setting practice. *See Loh v. Kong Kee Food Corp.*, No. 20-cv-01597 (ARR) (RLM), Dkt.

No. 48 (E.D.N.Y.), at *10 (citing *Ni v. Red Tiger Dumpling House, Inc.* for the proposition

that one plaintiff's affidavit can go to show a common unlawful policy), at*14 (citing *Chui*

*v. Am. Yuexianggui of LI LLC* as an example of the court being convinced to permit

equitable tolling during the pendency of a motion for preliminary certification), at *18 (citing *Chen v. Asian Terrace Rest., Inc.* for the proposition that notice methods other than direct mail, including email, are warranted during the COVID-19 pandemic); *see also Ke v. JR Sushi 2, Inc.*, No. 19-cv07332 (PAE) (BCM) (S.D.N.Y. Jan. 15, 2012) (granting discovery of employees' social media IDs for purpose of disseminating preliminary certification notice); *Lu v. Purple Sushi, Inc.,* 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020) (same); *Qiu v. Shanghai Chinese Cuisine, Inc.* 2019 WL 6002371, at *4 (S.D.N.Y. Nov. 14, 2019) (same); *Wu v. Sushi Nomado of Manhattan, Inc.,* 2019 WL 3759126, at *12–13 (S.D.N.Y. July 25, 2019) (same).

54. For Mr. Troy's commitment to the advocacy of workplace fairness, he have been recognized (alongside associate Tiffany Troy) with a special award in 2024 from The Shelley Leinheardt Workplace Fairness Fund, a joint project of Workplace Fairness and National Employment Lawyers' Association, New York.

55. Mr. Troy has previously been awarded $650.00 per hour in *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.*, No. 53960/2021 (Sup. Ct. Westchester Cty. Feb. 27, 2023) (oral ruling); $600.00 per hour in *Lu et al v. Golden Fortune Restaurant Inc et al*, No. 656927/2019 (Sup. Ct. New York Cty. Apr. 27, 2022) (oral order) and *Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, No. 18-cv-6614 (PKC) (AYS), 2024 WL 3813379, 2024 U.S. Dist. LEXIS 105533, at *25 (E.D.N.Y. June 13, 2024), *adopted by* 2019 WL 5963864, 2019 U.S. Dist. LEXIS 196824 (E.D.N.Y. Nov. 13, 2019) (for hours on and after January 4, 2020); $550.00 per hour in *Lemonleaf Thai* (for hours before January 4, 2020), *Ji v. JLing, Inc. et al*, No. 15-cv-04194 (SIL), 2023 U.S. Dist. LEXIS 238508, at *8–9 (E.D.N.Y. Mar. 2, 2023), *Xu v. Kealoha Sushi Inc. et al*, No. 19-cv-1185 (PAE) (SDA), 2021 U.S. Dist. LEXIS

14

161396, at *14–15 (S.D.N.Y. August 24, 2021), *Weng v. Kung Fu Little Steamed Buns et al*, No. 17-cv-00273 (LAP), 2021 WL 2043399, 2021 U.S. Dist. LEXIS 96913, at *3–4 (S.D.N.Y. May 21, 2021) (for partner-level work; $300.00 for other work), *Hu v. 226 Wild Ginger Inc. et al*, No. 17-cv-10161 (JGK) (KNF), 2020 WL 6324090, 2020 U.S. Dist. LEXIS 188650, at *25 (S.D.N.Y. Oct. 7, 2020), *adopted by* 2020 U.S. Dist. LEXIS 200798 (S.D.N.Y. Oct. 27, 2020), and *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*., No. 18-cv-10359 (CCC) (SCM), 2019 WL 6318341, 2019 U.S. Dist. LEXIS 205435, at *10–11 (D.N.J. Nov. 26, 2019); $500.00 in *Wang v. Maxim International Group, Inc.*, No. 01-20-0000-0617 (A.A.A. June 1, 2021) (final award); and $400.00 in *Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL), Dkt. No. 91, at *1–2 (S.D.N.Y. Feb. 19, 2019), *Zhang v. New Beijing Wok, Inc. et al*, No. 17-cv-09465 (VEC), 2020 U.S. Dist. LEXIS 36555, at *4 (S.D.N.Y. Mar. 3, 2020), and *Singh et al. v. Dany Restoration, Inc. et al.*, No. 17-cv-03787 (JMF), Dkt. No. 79 (S.D.N.Y. Sep. 18, 2018).

56. Plaintiff respectfully seeks an hourly rate of $650.00 per hour for Mr. Troy.

### *Managing Associate Aaron B. Schweitzer*

57. I am the managing associate at Troy Law.

58. I received my JD with a concentration in employment law from the Fordham University School of Law in 2016, which also awarded me the Archibald R. Murray Public Service Award *cum laude*.

59. I was admitted to the New Jersey State Bar on November 14, 2017 and the New York State Bar on May 16, 2018.

60. Prior to joining Troy Law in April 2017 as a clerk, I had extensive experience advocating for workers, including coordinating with organizers for SAG-AFTRA's 2017 videogame voice actors' strike, assisting Fordham Law's, John Hopkins's, and American University's

food service workers and their unions, and advising worker cooperatives at Lincoln Square Legal Services.

61. For my extensive experience in wage-and-hour litigation, Mr. Schweitzer was an invited panelist to the panel "Recent Trends and Strategic Considerations for Conditional Collective Actions under the FLSA" at the National Employment Lawyers' Association-New York 2022 Spring Conference on Representing Employees.

62. I was also rated as a Super Lawyer Rising Star from 2022 through 2024 by Thomson Reuters.

63. Altogether, I have about eight (8) years of legal experience.

64. Many of my litigations are multi-plaintiff actions, collective and class actions, and/or wage-and-hour and employment discrimination actions. I have obtained favorable outcomes in several trials, including: *Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435 (WFK) (CLP), (E.D.N.Y.); *Wang v. XBB, Inc. et al*, No. 18-cv-07341 (PKC) (ST), (E.D.N.Y.); *JLing Inc.*; *Singh v. A & A Market Plaza, Inc. et al*, No. 15-cfv-07396 (SIL), (E.D.N.Y.); *Lin v. DJ's International Buffet Inc.*, No. 17-cv-04994 (JS) (AYS), (E.D.N.Y); *Chen v. Glow Asian Food, Inc. et al*, No. 19-cv-00630 (ST), (E.D.N.Y.); *Lin v. Grand Sichuan 74 St Inc. et al*, No. 15-cv-02950 (JGLC) (JW), (S.D.N.Y.); *Kung Fu*; *Chen et al v. Hunan Manor Enterprise, Inc. et al*, No. 17-cv-00802 (GBD) (GWG), (S.D.N.Y.); *Sarikaputar et al v. Veratip Corp. et al*, No. 17-cv-00814 (ALC) (SDA), (S.D.N.Y.); *Wu v. Sushi Nomado of Manhattan, Inc. et al*, No. 17-cv-04661 (MKV) (VF), (S.D.N.Y.); *New Beijing Wok*; *Yuan et al v. & Hair Lounge Inc. et al*, No. 18-cv-11905 (AT) (BCM), (S.D.N.Y.); *Feng v. Kelai Corp.*, No. 18-cv-12329 (RWL), (S.D.N.Y.); *Chen v. L & H Wine & Liquor, Inc. et al*, No. 19-cv-06115 (PGG) (VF), (S.D.N.Y.); *Wang v. Leo Chuliya, Ltd.*

*et al*, No. 20-cv-10395 (JLR), (S.D.N.Y.); and *Li v. Chinatown Take-Out Inc. et al*, No. 16-cv-07787 (JCM), (S.D.N.Y.).

65. Additionally, I have obtained favorable outcomes in numerous motion practices and has also obtained favorable settlements in several cases. In non-contingent fee structure matters, I charge $400.00 per hour to his clients.

66. I typically try around ten (10) jury and bench FLSA cases each year.

67. I am an attorney of record in the following courts for the following number of cases, predominantly employment litigation cases:

| Court | Number of cases (Approx.) | Exhibit to Schweitzer Decl. |
|---|---|---|
| Eastern District of New York | 138 | 6 |
| Southern District of New York | 132 | 7 |
| District of New Jersey | 29 | 8 |

68. I am an attorney in the following additional cases:

- 1:17-cv-00148-MAD-TWD Zhang v. Ichiban Group, LLC et al (N.D.N.Y.);
- 1:18-cv-06848 Lin v. Monda Window & Door Systems, Inc. et al (N. D. Ill.);
- 3:16-cv-40138-KAR Gonpo v. Sonam's Stonewalls & Art, LLC et al (D. Mass.);
- 17-cv-00042-IMK You v. Grand China Buffet & Grill, Inc. (D.W.V.);
- 4:21-cv-01203-MWB Xue et al v. John's Shanghai LLC et al (M.D.P.A.); and
- 2:21-cv-00482-MRH Xiao v. Sichuan Gourmet LLC et al (W.D.P.A.)

69. I have also appeared in the following federal appellate cases: *Chen v. Kyoto Sushi, Inc.*, No. 17-3188 (2d Cir.); *Lin v. Shanghai Original, Inc.* No. 18-3580 (2d Cir.); *Li v. Chinatown Take-Out Inc.*, No. 19-78 (2d Cir.); *Li v. JLing Inc.*, No. 23-335 (2d Cir.); *Wang v. Happy Hot Hunan Restaurant* No. 19-1894 (2d Cir.); *Troy v. Barr*, No. 19-3547 (2d Cir.); *Jin v. Shanghai Original, Inc.*, No. 19-2301 (2d Cir.); *Li v. Ichiro Sushi, Inc.*, No. 20-1783 (2d Cir.); *Yan Min Wang v. Jessy Corporation, et al*, No. 20-2621 (8th Cir.); *Wang, et al v.*

*Chapei LLC, et al*, No. 20-2975 (3d Cir.); *Tangtiwatanapaibul v. Tom & Toon Inc*, No. 20-3852 (2d Cir.); *Wang v. Ren*, No. 20-4216 (2d Cir.); *Gonpo v. Sonam's Stonewalls & Art, LLC et al*, No. 21-1352 (1st Cir.); *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21-1653 (2d Cir.); *Hu v. City of New York*, No. 22-183 (2d Cir.); *Weng v. Kung Fu Little Steamed Buns Ramen, Inc. et al*, No. 21-2600 (2d Cir.); *Sun v. Sushi Fussion Express, Inc.*, No. 22-1538 (2d Cir.); and *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 22-2714 (2d Cir.).

70. I was previously awarded $400 per hour in *JLing*, *Ruby Nail*, *Golden Fortune*, and *Lemonleaf* (for hours on and after January 4, 2020); $350.00 per hour in *Lemonleaf* (for hours before January 4, 2020), *Kealoha*, *Kung Fu*, *Wild Ginger*, and *Chongqing*; $325.00 per hour in *Maxim*; and $225.00 per hour in *Fresco Tortillas* and *New Beijing Wok*.

71. Plaintiff respectfully requests $400.00 per hour for my work in the present matter, reduced to $200.00 for time spent traveling and performing ministerial tasks.

### Associate Yige Chen a/k/a Eric Chen

72. Mr. Chen was an Associate at Troy Law. Mr. Chen received his J.D. from the University of Cincinnati College of Law. He holds his B.A. in political science from Illinois Wesleyan University.

73. At Troy Law, Mr. Chen advocated for workers' legal rights with passion and professionalism. Mr. Chen brought to Troy Law his experience as a law clerk at Housing Opportunities Made Equal advocating for low-income tenants in landlord-tenant disputes and in illegal housing discrimination cases. Previously, he had also interned at the Entrepreneurship & Community Development Clinic at the University of Cincinnati College of Law aiding small business owners and aspiring entrepreneurs resolve transactional legal issues.

74. Mr. Chen was admitted in New York on December 31, 2020 and New Jersey. He is additionally admitted in the Eastern and Southern Districts of New York. He is bilingual in English and Chinese.

75. Plaintiff respectfully requests a rate of $250.00 per hour for Mr. Chen's work in the present matter.

***Associate and Court-Certified Interpreter Tiffany Troy***

76. Ms. Troy holds her JD, *cum laude* from Fordham University School of Law, where she was a New York State Unified Court System Pro Bono Scholar, Archibald Murray Public Interest *magna cum laude* awardee, and Ruth Whitehead Whaley Scholar. She holds an MFA, in Creative Writing with a specialization in Literary Translation and Poetry, and a BA, *magna cum laude*, in Creative Writing with honors, and in Economics from Columbia University, where she was also an Undergraduate Creative Writing Chair's Fellow, School of Professional Studies Pre-College Instructor, Core Scholar, Louis Sudler Prize in the Arts recipient, Word for Word travel grantee, and "by far most nominated" Phi Beta Kappa inductee of her graduating class.

77. Ms. Troy was admitted to the New York State Bar on June 24, 2021. She was additionally admitted to the New Jersey and Massachusetts State Bars in 2021; California, Illinois, Ohio, Pennsylvania, South Carolina, Texas, Washington State, and Indiana State Bars in 2022; Maryland, Rhode Island, Indiana, New Hampshire, Arizona State Bars in 2023; and Michigan, Washington and Florida State Bars in 2024.

78. Ms. Troy was admitted in 2021 to the following federal courts: the First Circuit Court of Appeals; Second Circuit Court of Appeals; Third Circuit Court of Appeals; New York Southern District and Bankruptcy Courts; New York Eastern District and Bankruptcy Courts; New York Northern District Court; New York Western District Court; New Jersey

State Bar; New Jersey District Court; and Massachusetts District Court; and the Connecticut State Bar. She was admitted in 2022 to the Connecticut District Court, Southern District of Indiana, Maryland District Court, Missouri Eastern District Court, Pennsylvania Eastern District Court, Pennsylvania Western District Court, Rhode Island District Court.

79. Ms. Troy is an attorney of record in the following courts for the following number of cases, predominantly employment litigation cases:

| Court | Number of cases (Approx.) | Exhibit to Schweitzer Decl. |
|---|---|---|
| Eastern District of New York | 67 | 9 |
| Southern District of New York | 43 | 10 |
| District of New Jersey | 17 | 11 |

80. Ms. Troy is also the attorney of record in 15 cases in other federal district courts and state court actions, in California, Florida, Indiana, Michigan, Massachusetts, Maryland, Missouri, New Hampshire, Pennsylvania, and South Carolina including the following:

- C.A.S.D. 3:23-cv-01211-JLS-DDL Khokhar v. J C K American Transport, Inc. et al,
- S.D.F.L. 24-cv-80841  Zhang v. Chen Ling Wang, Inc. et al,
- S.D.I.N. 1:23-cv-00752-RLY-MKK Duan v. M X Pan Incorporated et al,
- S.D.I.N. 1:22-cv-02333-RLY-KMB Duan v. M X Pan Incorporated et al,
- E. D. M.I. 4:22-cv-12956-FKB-APP Wu v. Li Hai LLC et al,
- M.A.D. 2:22-cv-03618-GEKP HUANG v. BAI WEI LLC,
- M.A.D. 1:21-cv-11732-FDS Jiang v. Tokyo II Steak House, Inc. et alM.A.D. 2:21-cv-03757-GEKP HUANG v. SAKURA MANDARIN, INC. et al ,
- D MD. 24-cv-02028 Yang v. Matsu CF Inc et al.,
- D. MD. 8:23-cv-01633-TJS Li v. VJ & H, LTD et al ,
- D. MD. 8:23-cv-01487-DKC Li v. Escape Nails & Spa, LLC et al,
- D. MD. 8:23-cv-00491-AAQ Wang v. D.W.M. International Corporation et al,
- E. D. M.O. 4:23-cv-00669-RLW Williams et al v. Insomnia Cookies, LLC et al,
- D.N.J. 2:16-cv-02811-KSH-CLW Goh v. Nori O Inc. et al,
- D. N.H. 23-cv-00323-JL Yang et al v. Kim Lai Corp et al

- E.D.P.A.  2:22-cv-03618-GEKP HUANG v. BAI WEI LLC,
- E.D.P.A.  2:21-cv-03757-GEKP HUANG v. SAKURA MANDARIN, INC. et al,

81. At Troy Law, Ms. Troy assists in the firm's civil litigation practice, including employment wage-and-hour class, appellate, bankruptcy, and family law practices.

82. Ms. Troy has obtained a favorable outcome in appellate argument in *Gonpo v. Sonam's Stonewalls & Art, LLC, et al*, No. 21-1352 (1st Cir.) and *Salvador Quino v. Heburechnaya I.S.*, No. 2023-02109 (App. Div. 2d Dept.).

83. Ms. Troy served as trial counsel in *Teoh v. Manhasset Restaurant, LLC et al*, No. 22-cv-04110 (NJC), (E.D.N.Y.), and achieved a favorable outcome.

84. Ms. Troy has previously interned at the United States Attorneys' Office in the Eastern District in New York from September through December 2019, the New York City Law Department, in the Environmental Law Division from January through April 2020, the Fordham Law School Criminal Defense clinic from September to December 2020, the Immigrant Rights Clinic as a Pro Bono Scholar from February 2021 to May 2021, and worked advocating for the immigrant worker community at Troy Law since 2008.

85. Ms. Troy serves as the Conference Committee Co-Chair and Executive Board Member of the National Employment Lawyers' Association-New York and has served as moderator on the panel "Recent Trends and Strategic Considerations for Conditional Collective Actions under the FLSA" at the National Employment Lawyers' Association-New York 2022 Spring Conference on Representing Employees. She has also guest-lectured on the topic of employment discrimination at Benjamin Cardozo School of Law. Ms. Troy is also rated as a Super Lawyer Rising Star in 2023 and 2024 by Thomson Reuters.

86. For her commitment to the advocacy of workplace fairness, Ms. Troy has been recognized (alongside Mr. Troy) with a special award in 2024 from The Shelley Leinheardt Workplace

Fairness Fund, a joint project of Workplace Fairness and National Employment Lawyers' Association, New York.

87. Ms. Troy was also a 2022 New York State Bar Association Family Law Section fellow.

88. Ms. Troy is a New York State Unified Court System Court-Certified Per Diem Mandarin Chinese interpreter since 2019, after passing both written and oral exams administered by the New York State Unified Court System.

89. She has interpreted in federal and state court conferences, as follows: 2:18-cv-03817-ARR-PK *Huang et al v. Gel Factory, Corp. et al*(Mandarin to English; English to Mandarin)*;* 1:18-cv-06317-ENV-PK *Pan et al v. Nutrition Rite Corporation et al* (Mandarin to English; English to Mandarin)*,* and 1:15-cv-02215-CBA-VMS *Guan v. Long Island Business Institute, Inc. et al* (Mandarin to English; English to Mandarin); and 17-cv-10161-JGK *Hu et al. v. 226 Wild Ginger Inc. et al.* (inquest hearing, Mandarin to English; English to Mandarin).

90. Relevant language experience includes her role as the principal translator of Santiago Acosta's *The Coming Desert*, winner of the City and Nature José Emilio Pacheco Literary Prize (2018), with the 4W International Women Collective Translation Project at the University of Wisconsin from Spanish to English, with selections featured in *Constellation: Latin American Voices in Translation* (Columbia University Press 2024), *World Literature Today, Latin American Literature Today* and elsewhere.  She also served as editor-in-chief of *Portales*, the Latin American & Iberian Cultures Department Undergraduate Research Journal at Columbia University that publishes peer-reviewed academic pieces in Spanish, Portuguese, French, and English, as translation editor of the *Columbia Journal*, and as translator for intake, case updates, state and federal inquest hearings, settlement and

mediation conferences, and translation of court documents since 2010. She is a member of the American Literary Translators Association, an Assistant Poetry Editor of *Asymptote*, a literary magazine dedicated to international literature in translation, and a member of the Gregg Barrios Book in Translation Prize Shortlist Judging Committee of the National Book Critics Circle in 2024.

91. Ms. Troy has been awarded a rate of $250.00 per hour in *Lemonleaf*, *Ruby Nail*, and *Wen Zhang v. Four Seasons*, No. 18-cv-08259 (GHW) (S.D.N.Y. Feb. 8, 2023) (oral ruling); and $150.00 (while paralegal or doing paralegal work) in *JLing*, *Kung Fu*, *Wild Ginger*, *Dany Restoration*, *Golden Fortune*, and *Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).

92. Plaintiff respectfully requests the following rates for Ms. Troy's work in the present case: a full rate of $250.00 for associate hours and a reduced travel/ paralegal rate of $125.00.

***Managing Clerk Preethi Kilaru***

93. Ms. Kilaru was the Managing Clerk at Troy Law. She holds her LLM from SMU Dedman School of Law since December 2017. She graduated from the Karnataka State Law University, CMR Law School since July 2016. She has worked with Troy Law since April 2018. Prior to joining Troy Law, she has worked as a legal assistant and advisor in Bangalore, India, specializing in civil practice.

94. Ms. Kilaru was previously awarded $200.00 per hour in *Lemonleaf*, *Ruby Nail*, *Kealoha*, *Kung Fu*, *Wild Ginger*, and *Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); and $150.00 per hour in *JLing, Chongqing*, and *Maxim*.

95. Plaintiff respectfully requests a rate of $200.00 for Ms. Kilaru's work in the present matter.

***Clerk Gavin Dass***

96. Mr. Dass was a clerk at Troy Law and holds his Bachelors in Law & Society and Sociology from CUNY John Jay College of Criminal Justice. He has recently graduated CUNY John Jay College and has worked with Troy Law since January of 2021. Prior to working for Troy Law, he has interned with numerous of judges from the Brooklyn Civil Court, from June to July 2018, Richmond County Civil Court in August 2018, Manhattan Family Court from September 2018 to May 2019.

97. Mr. Dass was previously awarded $150 an hour in *Four Seasons*.

98. Plaintiff respectfully requests a rate of $150 for Mr. Dass's work in the present case.

**FEES AND COSTS REQUESTED IN THE PRESENT CASE**

99. The chart in Paragraph 32, above, summarizes Plaintiff's requested rates and the amount of time put into this case. *See also* Exhibit 12.

100. The actual hours expended represents a reasonable expenditure of hours to prosecute the case through the eve of trial.

101. Additionally, Plaintiff sees to recover out-of-pocket expenses related to this action in the amount of $2,414.94. *See* Exhibit 12, 13.

WHEREFORE, Plaintiff SHUSONG LIN requests that a default judgment be entered in favor of Plaintiff SHUSONG LIN and against Defendants JD PRODUCE MASPETH LLC, JD TRUCKING MASPETH INC, SHENG BO DONG, and YI FENG YE a/k/a JESSICA DONG.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to Plaintiff, and that no part thereof has been paid.

Dated: Flushing, NY
           January 31, 2025

By: */s/ Aaron B. Schweitzer*
Aaron B. Schweitzer
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorneys for Plaintiff*