UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHUSONG LIN,                                      :
                                                  :
                        Plaintiff,                :
                                                  :        **DECISION & ORDER**
                  v.                              :        20-CV-2746 (WFK) (TAM)
                                                  :
JD PRODUCE MASPETH LLC, *et al.*,                 :
                                                  :
                        Defendants.               :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

## BACKGROUND

On January 31, 2025, the Court ordered default judgment against Defendants in the
above-captioned case. Order Granting Mot. for Default J., ECF No. 106. On February 6, 2025,
the Clerk of Court entered judgment against Defendants in the amount of $154,075.53. Default
J., ECF No. 108. One month later, on March 6, 2025, Defendants moved to vacate the default
judgment for "mistake, inadvertence, surprise, or excusable neglect" under Fed. R. Civ. P.
60(b)(1). Mot. to Vacate Default J., ECF No. 112.

On March 7, 2025, the Court referred Defendants' motion to Magistrate Judge Taryn A.
Merkl for a Report and Recommendation ("R&R"). Order Referring Mot., ECF No. 117. On
March 27, 2025, the parties' completed briefing on Defendants' motion. *See* ECF Nos. 112–16,
119–21. On September 10, 2025, Magistrate Judge Merkl issued an R&R recommending that
"Defendants' motion to vacate the default judgment be granted, and that the case be allowed to
proceed." R&R at 11, ECF No. 122. On September 24, 2025, Plaintiff timely filed objections to
the R&R. Obj. to R&R, ECF No. 123.

The Court adopts the facts and procedural history relevant to the instant motion as set forth in the R&R and otherwise assumes the parties' familiarity with the background of this case. *See* R&R at 2–4.

## **LEGAL STANDARD**

Courts may set aside final default judgments in accordance with Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 55(c). When deciding whether to vacate a default judgment under Fed. R. Civ. P. 60(b)(1), courts must assess three factors, known as the *Enron Oil* factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Courts may also consider "other relevant equitable factors . . . for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Id.*

District courts reviewing an R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties must serve and file any written objections to the R&R's proposed findings and recommendations within fourteen days of being served with a copy. *Id.* The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "Where the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (internal citation and quotation marks omitted).

## **DISCUSSION**

Plaintiff raises four arguments in objection to the R&R, each challenging Magistrate Judge Merkl's careful parsing of the *Enron Oil* factors and other relevant equitable considerations, which she found "overwhelmingly weigh in favor of vacating the default judgment under Rule 60(b)(1)." R&R at 11 (quoting *Raheim v. N.Y.C. Health & Hosps. Corp.*, 96-CV-1045, 2007 WL 2363010, at *6 (E.D.N.Y. Aug. 14, 2007) (Bianco, J.)) (internal quotation marks and alterations omitted). Plaintiff urges the Court to set aside Magistrate Judge Merkl's findings because: (1) "Defendants failed to meet their high burden to show lack of willfulness"; (2) "Defendants failed to show a meritorious defense"; (3) "Plaintiff will suffer prejudice"; and (4) "the balance of equities favors not vacating default." Obj. to R&R at 1, 6, 10, 13–14.

Plaintiff's arguments "simply reiterate[] the original arguments" set forth in his opposition to Defendants' motion to vacate default judgment. *Norman*, 2014 WL 4628848, at *1; *see* Opp'n to Defs.' Mot. to Vacate Default J. at 9–17, ECF No. 120 (opposing Defendants' motion on the grounds that (1) "Defendants' default was willful," (2) "Defendants' defense is not meritorious," and (3) "Plaintiff will suffer prejudice."). Plaintiff's arguments, in other words, are the same as those already considered by Magistrate Judge Merkl. *See* R&R at 6–11 (applying each of the *Enron Oil* factors and balancing the equities). Whether reviewing *de novo* or for clear error, the Court agrees with Magistrate Judge Merkl's reasoned analysis and conclusions, including her reasons for rejecting Plaintiff's arguments. The Court declines to disturb Magistrate Judge Merkl's careful weighing of the appropriate legal factors.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the R&R in its entirety and

**GRANTS** Defendants' motion to vacate the default judgment.[1]  The Clerk of Court is

respectfully directed to resolve all corresponding pending motions at ECF Nos. 112 and 122.

**SO ORDERED,**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:  October 20, 2025
         Brooklyn, New York

---

[1] Like the R&R, the Court does not reach Defendants' motion for reconsideration, which is mooted by the vacatur of default judgment.  *See* R&R at 6 n.4.